```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/2/2025

TYRONE HUNTER,

                Plaintiff,

-against-

UNITED STATES OF AMERICA; HEATHER DI STEPHANO; MITCHEL HOLLIDAY; CO WALLS; TFS SMITH; T. YOUNG; L. NEWCOMB; B. WALLS; A. CANALES; J. JAMISON; M. MATISKO; PARAMEDIC NIBBS; M. KABONICK; M. ARGIR,

                Defendants.

24-CV-3778 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

      The Court is in receipt of the letter from *pro se* Plaintiff Tyrone Hunter, filed March 28, 2025, inquiring of the process for requesting *pro bono* counsel. The Court construes Plaintiff's letter as a request for appointment of *pro bono* counsel. (ECF No. 48.) For the reasons below, Plaintiff's request is DENIED without prejudice to renew.

      Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

      The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems

1

likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; accord *Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60–61.

With that in mind, Plaintiff's instant request for *pro bono* counsel cannot be granted at such an early stage in the litigation. The docket sheet indicates that this case was filed less than one year ago. The parties have not completed motion practice and the deadline to do so is not until July 1, 2025. Thus, at this early stage in the proceedings, the Court is unable to determine whether Plaintiff's position shows a strong chance of success or that the legal issues in this case are particularly complex. Additionally, the Court cannot conclude at this time that Plaintiff is unable to handle the case without assistance, although this conclusion may change as the action progresses.

Therefore, being unable to determine whether any circumstances warrant the appointment of *pro bono* counsel at this early stage, the Court DENIES Plaintiff's motion without prejudice with leave to renew at a later stage in the proceedings. The Clerk of Court is directed to mail a copy of this Order to *pro se* Plaintiff at his address as listed on ECF and to show proof of service.

Dated: April 2, 2025    SO ORDERED:
       White Plains, New York

                                                                     NELSON S. ROMÁN
                                                                    United States District Judge